IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEDRICK JONES, | § | |
| Petitioner, | § § § | |
| V. | § § | No. 3:13-cv-336-L-BN |
| RICK THALER, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Dedrick Jones, a Texas prisoner, has filed an application to proceed *in forma pauperis* in this habeas case brought under 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

**Background**

On January 25, 2013, Petitioner filed an application for writ of habeas corpus that challenges his 2007 conviction for capital murder. *See* Dkt. No. 3. However, Petitioner did not pay the statutory filing fee or seek leave to proceed *in forma pauperis*. By order dated January 29, 2013, the Court notified Petitioner of these deficiencies and warned that the case would be dismissed unless he either paid the filing fee or filed a form motion to proceed *in forma pauperis* within 20 days. *See* Dkt. No. 5. Petitioner sought an extension of time to comply with the Court's order and was provided until March 13, 2013 to pay the $5.00 fee or seek *in forma pauperis* status.

-1-

*See* Dkt. Nos. 6 & 7. On February 20, 2013, Petitioner filed a form motion to proceed *in forma pauperis. See* Dkt. No. 8.

## Legal standards

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988). The amount of money available to an inmate in his prison trust account or from other sources should be considered. *See id.*; *Braden v. Estelle,* 428 F. Supp. 595, 601 (S.D. Tex. 1977).

## Analysis

Petitioner has submitted a certified copy of his inmate trust account statement that shows that he currently has $129.59 on deposit with prison officials. *See* Dkt. No. 8 at 4. Over the past six months, $150.00 has been deposited into his inmate trust account. *Id.* The filing fee for a habeas petition is $5.00. *See* 28 U.S.C. § 1914(a).

The Court concludes that Petitioner is able to pay this fee without causing undue financial hardship. *See also* N.D. Tex. Misc. Order 13 at ¶ 9 (N.D. Tex. Mar. 18, 1977) (requiring habeas petitioner to pay filing fee if prison account or other resources exceed $50.00).

## Recommendation

Petitioner's application to proceed *in forma pauperis* [Dkt. No. 8] should be denied. If Petitioner fails to pay the $5.00 statutory filing fee within 20 days after any order adopting this recommendation, Petitioner's case should be dismissed without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 21, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE