IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEDRICK JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-336-L-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Dedrick Jones, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

**Background**

On August 24, 2007, a Dallas County jury found Petitioner guilty of capital murder, and he was automatically sentenced to a term of life imprisonment. The conviction was affirmed on appeal. *See Jones v. State*, No. 05-07-01163-CR, 2009 WL 988647 (Tex. App. – Dallas, Apr. 13, 2009, pet. ref'd). Petitioner also filed two applications for state post-conviction relief. The first application was dismissed for non-compliance with the Texas Rules of Appellate Procedure. *See Ex parte Jones,* WR-74,353-01 (Tex. Crim. App. Oct. 27, 2010). The second application was denied without written order on the findings of the trial court. *See Ex parte Jones*, WR-74,353-

03 (Tex. Crim. App. Feb. 1, 2012).

Petitioner then filed this action in federal district court. In four grounds for relief, Petitioner claims he received ineffective assistance of counsel at trial and that the prosecutor used peremptory strikes in a racially-discriminatory manner.

Respondent has filed a preliminary response in which he argues that this case is barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. *See* Dkt. No. 19. Petitioner did not file a reply brief but did address the topic of limitations in a pleading filed on April 17, 2013. *See* Dkt. No. 13.

**Legal standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

**Analysis**

Petitioner was found guilty of capital murder, his conviction was affirmed on direct appeal, and his petition for discretionary review was refused on September 16, 2009. Because Petitioner did not seek a writ of certiorari from the United States Supreme Court, his conviction became final for limitations purposes 90 days thereafter, on December 15, 2009. *See Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (finality is established by the expiration of the 90-day period to seek further review with the Supreme Court). Petitioner then submitted an application for state post-conviction relief on or about April 23, 2010. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (a prisoner's state habeas application is "deemed filed at the time [it is] delivered to prison authorities"). The application was dismissed as noncompliant with Texas Rule of Appellate Procedure 73.1. *See Ex parte Jones*, WR-74,353-01 (Tex. Crim. App. Oct. 27, 2010). His second application for state post-conviction relief was submitted on or about October 5, 2011 and denied without written order on the findings of the trial court on February 1, 2012. *See Ex parte Jones*, WR-74,353-03 (Tex. Crim. App. Feb. 1, 2012). Petitioner filed this action in federal court

on or about January 16, 2013.[1]

The AEDPA statute of limitations started to run on December 15, 2009, when Petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Because Petitioner's first state habeas application was dismissed for failing to comply with Texas Rule of Appellate Procedure 73.1, Petitioner is not entitled to statutory tolling for the period of time his first state writ was pending. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is ' properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"); *see also Villegas v. Johnson*, 184 F.3d 467, 470 & n.2 (5th Cir. 1999). The limitations period is also not subject to statutory tolling for the period of time during which Petitioner's second state habeas application was pending, because the second habeas writ was filed more than one year after his conviction became final. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

Without statutory tolling, Petitioner filed his federal writ over 25 months after the expiration of the AEDPA's one-year statute of limitations. Even allowing for the 188 days that Petitioner's first habeas writ was pending and the 120 days that the second writ was pending, his federal habeas application would still be untimely by over one year.

In an attempt to excuse this delay, Petitioner argues that his claims of ineffective assistance of counsel are "newly discovered" and implicate basic

---

[1] Petitioner's habeas application indicates that he placed it in the prison mail system on January 16, 2013. *See* Dkt. No. 3 at 10. Respondent provides evidence that Petitioner submitted the petition to prison authorities on January 22, 2013. *See* Dkt. No. 19-3 at 3.

fundamental rights such that they "could never be time barred by any legislative acts." *See* Dkt. No. 13 at 2. However, his claims cannot be considered newly discovered in any sense because all of Petitioner's allegations rely on conduct that occurred during his capital murder trial and, as such, these claims were readily available within the limitations period. *See* Dkt. No. 4 at 2-9. In addition, the AEDPA's statute of limitations does not render the habeas remedy ineffective, since nothing prevented Petitioner from asserting his claims in a timely habeas petition. *See Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir. 2000); *see also Wyzkowski v. Dep't of Corrections,* 226 F.3d 1213, 1217 (11th Cir. 2000) ("[e]very court which has addressed the issue – i.e., whether, as a general matter, § 2244(d) constitutes an unconstitutional suspension of the writ – has concluded that it does not").

Without a basis for equitable or statutory tolling, Petitioner's untimely writ must be dismissed.

## Recommendation

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE