IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DEDRICK JONES,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:13-CV-336-L** |
| § | |
| **WILLIAMS STEPHENS, Director** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institution Division,** § | |
| § | |
| Respondent. § | |

## ORDER

Before the court is Dedrick Jones's ("Jones" or "Petitioner") Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), filed pursuant to 28 U.S.C. § 2254 (Doc. 3). This case was referred to Magistrate Judge David. L. Horan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on August 29, 2013, recommending that the habeas petition be dismissed with prejudice as barred by statute of limitations. No objections to the Report were received as of the date of this order. After carefully reviewing the pleadings, file, record in this case, and the Report, the court **accepts** the findings and conclusions of the magistrate judge, **denies** Jones's Petition for Writ of Habeas Corpus by a Person in State Custody, and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

the court **denies** a certificate of appealability.[1] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 23rd day of September, 2013.

Sam A. Lindsay
United States District Judge

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability